## (November 9, 1982)

■ FLUSHING SAVINGS BANK et al., Appellants, v PHILIP SMITH et al., Respondents. — Order, Supreme Court, New York County (Blyn, J.), entered July 22, 1981, which denied plaintiffs' motion for leave to renew their motion for a preliminary injunction, unanimously reversed, on the law and in the exercise of discretion, without costs or disbursements, renewal granted, and, upon renewal, the original determination adhered to. In denying plaintiffs' motion for preliminary injunctive relief restraining defendant Kiaer from, *inter alia,* leasing two apartments in the ownership of which plaintiffs had a security interest, Special Term stated: "The May 16, 1980 agreement, however, provides that until a permanent certificate of occupancy is issued for the building, FSB will pay the maintenance charges." The record does not support such a conclusion for apartment 8A. The co-operative corporation, however, has seized upon this dicta in an effort to hold plaintiff FSB liable for maintenance charges. The multiparty purchase agreement dated May, 1980, concededly imposes on FSB an obligation to pay maintenance charges on the two penthouse apartments until a permanent certificate of occupancy is issued. But only one of the penthouse apartments is owned by Kiaer. The other apartment owned by Kiaer, apartment 8A, is not a penthouse apartment. The joint venture consent, dated May 16, 1980, and signed by Kiaer and FSB, provides that maintenance charges, up to $30,000, will be paid by Jensen Associates (of which Kiaer and FSB were joint venturers) on apartments 8A and 8PH, until either a temporary or a permanent certificate of occupancy is obtained. Any such payments made were to be credited against Kiaer's account for purposes of allocating profits in the venture. Plaintiffs sought to submit this document to the court on renewal, for the purpose of clarifying FSB's responsibilities with regard to apartment 8A. Renewal should have been granted, because in the course of denying plaintiffs' request for a preliminary injunction, Special Term imposed upon FSB a duty which it did not have. In our review of the record, however, we nevertheless find that Special Term properly denied preliminary injunctive relief, and its determination should not be disturbed in light of the corrected interpretation of the maintenance charge provisions. Concur — Murphy, P. J., Sullivan, Ross, Bloom and Milonas, JJ.

■ In the Matter of RIVER PARK TOWERS TENANTS' ASSOCIATION, INC., et al., Appellants, v RICHARD A. BERMAN, Individually and as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents. — Judgment, Supreme Court, New York County (Maresca, J.), entered on January 13, 1982, unanimously affirmed, for the reasons stated by Maresca, J., at Special Term, without costs and without disbursements. Concur — Murphy, P. J., Kupferman, Sandler, Markewich and Milonas, JJ.